IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL ARCHER and KEITH DARQUEA,<br><br>              Plaintiffs,<br>   v.<br><br>J.E. BURKE CONSTRUCTION, INC., et al,<br><br>             Defendants. | 1:12-CV-128  AWI JLT<br><br>ORDER CLOSING CASE IN LIGHT OF PLAINTIFF'S RULE 41(a)(1) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE |

     Plaintiffs are proceeding in this matter *pro se*. On February 1, 2012, Plaintiffs filed a notice of dismissal without prejudice of this case pursuant to Federal Rule of Civil Procedure 41(a)(1).

     Rule 41(a)(1), in relevant part, reads:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

In *Wilson v. City of San Jose*, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id.

The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

The notice of voluntary dismissal is Doc. No. 6. An answer by Defendants appears in the docket as Doc. No. 5. Both documents are dated February 1, 2012, but the notice of voluntary dismissal was entered in the docket by the Clerk's office on February 2, 2012. The answer was filed at 3:40 p.m. The notice of voluntary dismissal was received through the mail in the morning of February 1, 2012, and was marked as "filed" in the morning of February 1, 2012. Accordingly, despite the appearance of the docket sheet, the notice of voluntary dismissal was filed prior to the answer. Voluntary dismissals under Rule 41(a)(1) are effective upon filing. See id. Because Plaintiffs filed a voluntary dismissal under Rule 41(a)(1) prior to Defendants filing an answer, this case has terminated. See id.

Therefore, IT IS HEREBY ORDERED that the Clerk is ordered to CLOSE this case in light of Plaintiff's Rule 41(a)(1)(A)(i) requested dismissal without prejudice.

IT IS SO ORDERED.

Dated:   February 3, 2012

CHIEF UNITED STATES DISTRICT JUDGE

2